---

PEOPLE, PLAINTIFF AND APPELLEE, *v.* GRACIA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Murder.

No. 1954.—Decided May 29, 1923.

VENIREMEN—JURY—DISCRETION OF COURT.—The fact that the court excused several veniremen from the panel of jurors is not error, for that is a matter within the sound discretion of the court, particularly in this case in which four of the excused veniremen gave good reasons for being excused and the other two could not be found by the marshal.

CONTINUANCE—WITNESSES.—The mere statement that two of the defendant's witnesses were absent, without showing why their testimony was important or the efforts made to secure their attendance, is not a sufficient ground for a continuance.

EVIDENCE—ERROR.—It is not error to allow a witness to testify that he saw a person die.

OCULAR INSPECTION—DISCRETION OF COURT.—A district court has discretion to order an ocular inspection of the place where the crime was committed.

EVIDENCE.—It was assigned as error that the court admitted in evidence a revolver alleged to have no connection with the crime and not identified. A witness testified that he heard six or seven shots and that about two minutes later the defendant entered the place where he was and gave him a white, pearl-handled revolver like the one the district attorney was showing him, of the same length and with a similar handle. *Held:* That this was sufficient to justify the admission of the weapon in evidence.

CONTINUANCE—DISCRETION OF COURT.—It can not be concluded that the court abused its discretion in refusing a continuance until the next day for the

reason that the defendant had not been able to find two of his witnesses when he did not show that their testimony was material, at least when as to one of them it was not alleged that he was to testify as an expert and it was merely stated that they were on their way from Bayamón to Aguadilla where the trial was being held.

MURDER—CHARGE TO JURY.—In this case the court instructed the jury as follows: "According to section 201 of our Penal Code, all murder which is perpetrated by means of poison, lying in wait, torture, or by any other kind of wilful, deliberate, and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, is murder in the first degree. Therefore, under this section there are three different kinds of murder and the case before us is included in wilful, deliberate, and premeditated killing." The appellant alleges that by the final sentence the court compelled the jury to decide the case without going beyond the limit stated. *Held:* That the charge was not erroneous, because the court only referred to the information under which the defendant was being tried and called attention to the fact that he was not charged with murder perpetrated by means of poison, lying in wait or torture, or in attempting to commit arson.

ID.—CRUEL OR UNUSUAL PUNISHMENT.—A judgment sentencing a person guilty of murder in the second degree to serve twenty years in the penitentiary at hard labor can not be considered cruel or unusual.

The facts are stated in the opinion.

*Messrs. E. González Mena, J. Valldejuli* and *J. Soto Rivera* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Juan de Gracia and two other persons were charged with the crime of murder in the first degree perpetrated upon the person of Emilio Iglesias. Gracia was found guilty by a jury of murder in the second degree and sentenced by the trial court to twenty years in the penitentiary at hard labor.

On appeal from the judgment and from an order denying him a new trial he assigns eighteen errors, but as many of them have been considered and disposed of by this court in the appeal of his co-defendant Juan Ibern Santiago, *People* v. *Ibern, post,* page 867, we shall discuss in this opinion only those that are distinct. They are assignments numbered 2, 3, 8, 9, 10, 11, 16, 17 and 18.

In the second assignment it is alleged that the trial court

erred in excusing several veniremen without good cause, but we can not sustain this assignment because apart from the fact that this is a matter within the sound discretion of the court, four of the excused veniremen gave good reasons for being excused and the marshal reported that he could not summon the other two because one of them had been away from his home for more than five months and the other was in the United States.

On December 13, 1921, the day set for the trial, the three defendants in this case appeared and moved for separate trials. The court granted the motions and thereupon their attorneys announced that they were ready for the trial of José Tormos. The district attorney moved that the defendants be tried in the order in which their names appeared in the indictment and the defense stated that two important witnesses for Juan de Gracia had not appeared, but the court ruled that he should be tried first. This ruling is the basis of the third assignment, but we can not say that it was erroneous, because the mere statement that two of the defendant's witnesses were absent, without showing why their testimony was important or the efforts made to secure their attendance, was not a sufficient ground for a continuance.

The eighth assignment is that the court erred in allowing the district attorney to ask the witnesses certain questions.

One of these questions was put to Dolores Agraít, the wife of the deceased Emilio Iglesias. She had testified that her husband was dead and the district attorney asked her how she knew that he was dead. Counsel for the appellant objected on the ground that the witness could not answer the question and because the death had not been duly proved. The court permitted the question and she answered that he was dead because she had seen him die and had attended him in the hospital where he died. The reply of itself is sufficient to show that there was no error.

Under this assignment reference is made also to a statement of the district attorney with regard to a question put by the defendant to Dr. Igartúa on cross-examination, but as the defendant did not except to the ruling of the court, we shall not consider the matter.

The ninth assignment is that the court erred in allowing the jury to view the place where the crime was committed; but we shall not consider it because although the defendant objected to the view, he did not except to the ruling of the court. At all events the ruling was within the discretion of the court.

The tenth assignment is that the court erred in admitting in evidence a revolver alleged to have no connection with the crime and not identified. However, witness Julio González testified that he heard six or seven shots and that about two minutes later Juan de Gracia entered the place where he was and gave him a pearl-handled revolver like the one the district attorney was showing him, of the same length and with a similar handle. This was sufficient to justify the admission of the revolver.

The eleventh assignment is that the court erred in allowing Pedro Figueroa to testify.

It will be sufficient to repeat what is said in the brief about this witness to show that there was no error in permitting him to testify. It is said that the witness was in jail to answer for a crime of murder in the second degree; that he was not under the rules of the court; that he was in the court-room listening to the testimony, and that he entered the office of the district attorney.

When the district attorney rested his case (it seems that this was about 9 p. m.) counsel for the defendant moved for a continuance until the following day at 9 a. m. for the reason that when the trial commenced he had stated that he was not ready because two of his witnesses or experts were absent and that he had not yet been able to

locate them; that one was a physician and the other a professor in ballistics, and that he had received a telephone message an hour or an hour and a half before that Dr. Bocanegra had left Bayamón for Aguadilla (the place of the trial), but he had not yet arrived. The district attorney opposed this motion and the court refused the continuance. It is now alleged in the sixteenth assignment that the ruling was erroneous because the court abused its discretion in refusing the continuance. We think otherwise, because, as we have already said, it was never shown that the testimony of the said witnesses or experts was material; therefore, the continuance should not have been granted. Furthermore, it was not said that Dr. Bocanegra was to testify as an expert, but merely that he was on his way from Bayamón to Aguadilla.

The seventeenth assignment is that the court erred in not directing a verdict of acquittal because of the insufficiency of the evidence for the prosecution and in refusing to instruct the jury to find a verdict of not guilty because of such lack of evidence.

The principal basis of the appellant's argument is that the prosecution had not proved the death of Emilio Iglesias, or that it was the consequence of the bullet wounds that he received, or that the appellant inflicted the wounds. In the case of Juan Ibern Santiago to which we have referred we found on evidence identical to that in this case that the bullet wounds received by Emilio Iglesias were proved, also his death and that it was the result of the said wounds; therefore, it is only necessary to say now that there was evidence in this case that Juan de Gracia was one of the persons who fired his revolver at Iglesias, as testified by Osvaldo Peña and Luis Mendoza, and Pedro Figueroa testified that he heard several shots; that he saw the appellant with a revolver in his hand aiming at Iglesias, and that he assisted Iglesias after he was wounded.

Julio González testified that Juan de Gracia handed the revolver to him about two minutes after the shooting. As to the motive of the crime, two witnesses testified that Juan de Gracia was opposed to the opening of a tobacco factory in Aguadilla and that Iglesias was looking for workmen for the said factory. In view of this evidence we can not hold that the error assigned was committed.

The eighteenth assignment is that the court erred in refusing to grant a new trial.

One of the reasons given by the defendant for the granting of a new trial was that the court instructed the jury as follows:

"According to section 201 of our Penal Code, all murder which is perpetrated by means of poison, lying in wait, torture, or by any other kind of wilful, deliberate, and premeditated killing, or which is committed in the perpetration or attempt to perpetrate arson, is murder in the first degree. Therefore, under this section there are three different kinds of murder and the case before us is included in wilful, deliberate, and premeditated killing."

The appellant alleges that by the final sentence the court compelled the jury to find a verdict without going beyond the limit stated. We do not so understand it, for the judge only referred to the charge against the defendant and called attention to the fact that he was not charged with murder perpetrated by means of poison, lying in wait, torture, or in attempting to perpetrate arson.

The other grounds for a new trial were those assigned as errors for the reversal of the judgment and we have already disposed of them.

After discussing all of the said assignments the appellant makes two others, the nineteenth and twentieth.

The first is based on the overruling of his motion for arrest of judgment and setting aside of the verdict of the jury as contrary to the evidence, because it was not proved that Iglesias died as a consequence of any wounds, or that

the appellant wounded him, and that the date of the oc
currence was not established. We need not consider these
questions because they have been disposed of already.

The other is for having sentenced the appellant to
twenty years in the penitentiary, a penalty alleged to be
such cruel and unusual punishment as is forbidden by our
Organic Act. The minimum sentence of ten years in the
penitentiary prescribed by section 202 of the Penal Code
for the crime of murder in the second degree is not and
has never been considered as cruel or unusual punishment.

The judgment and the order refusing a new trial must
be affirmed.

*Affirmed.*

Chief Justice Del Toro concurred.

Mr. Justice Hutchison concurred in the judgment.

Justices Wolf and Franco Soto took no part in the de-
cision of this case.